UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAFFAR RICHARDSON, | Case No. 3:21-cv-00203-HDM-CLB |
| Petitioner, | **ORDER** |
| v. | |
| PERRY RUSSELL, et al., | |
| Respondents. | |

**I.    Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will dismiss two grounds in their entirety and one ground in part because they lack merit.  Petitioner Jaffar Richardson will need to file an amended petition that corrects the defects in the remaining parts of the remaining ground.

Richardson also has submitted a motion for appointment of counsel.  The court denies the motion.

**II.    Background**

In the state district court, Richardson agreed to plead guilty to one count of trafficking in a controlled substance.  On July 9, 2017, the state district court entered its judgment of conviction. ECF No. 1-1 at 1.  The state district court adjudicated Richardson as a "small" habitual criminal

under Nev. Rev. Stat. § 207.010(1)(a) (2009) and imposed a prison sentence with a minimum term of 8 years and a maximum term of 20 years. ECF No. 1-1 at 2, 3. Richardson did not appeal. ECF No. 1-1 at 1. Richardson did not file a post-conviction habeas corpus petition in the state district court. ECF No. 1-1 at 1.

Richardson did file a motion to correct or modify an illegal sentence. ECF No. 1-1 at 4. The state district court denied the motion. First, the state district court noted that the motion was a disguised post-conviction habeas corpus petition that raised issues beyond the scope of a motion to correct or modify an illegal sentence. ECF No. 1-1 at 9 (citing Edwards v. State, 918 P.2d 321, 324-25 & n.2 (Nev. 1996)). Second, the state district court addressed Richardson's claim that the judgment of conviction stated erroneously that he had been adjudicated as a habitual criminal in an earlier case. The state district court noted that the record before the sentencing court had no mention of prior adjudication as a habitual criminal. The state district court also noted that the sentencing court understood that this case was the first time that Richardson was being adjudicated as a habitual criminal. The state district court thus corrected the clerical error that Richardson previously had been adjudicated as a habitual criminal by issuing an amended judgment of conviction without the erroneous phrase. ECF No. 1-1 at 9. The amended judgment of conviction was entered on August 28, 2020.[1] Richardson appealed the decision. ECF No. 1-1 at 3-4. The Nevada Court of Appeals affirmed.[2]

### III.     Discussion

####     A.     Ground 1

Richardson started enumerating claims in ground 1 with "(1)," then he stopped. The court identifies four distinct claims in ground 1. Two claims require amendment, because Richardson does not allege any facts in support of the claims. See Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss two claims because they lack merit.

---

[1] Where appropriate, the court takes judicial notice of the online dockets of the state courts. https://www.washoecourts.com/Query/CaseInformation/CR16-1169.
[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=59801&combined=true.

1. **Ground 1(1) requires amendment**

In ground 1(1), Richardson alleges the prosecution misrepresented Richardson's criminal history in the presentence investigation report to make the trial court complicit with threating Richardson with a "large" habitual criminal penalty under Nev. Rev. Stat. § 207.010(1)(b) (2009) if he did not plead guilty. ECF No. 1-1 at 3. Richardson also alleges that defense counsel did not give the trial court a true accounting of his criminal history. Id. However, Richardson does not allege what the presentence investigation report states about his criminal history and which parts are untrue. His claim thus is too vague. Richardson will need to file an amended petition that alleges this information.

2. **Ground 1[2] requires amendment**

In the middle of ground 1(1) is this sentence: "Medical, education, and mental health evaluation was not provided." ECF No. 1-1 at 3. The court assumes that this is a claim separate from the claim that the presentence investigation report was incorrect. However, Richardson does not allege what these evaluations would have shown, and he does not allege what the objective of these evaluations would have been. The claim is too vague. Richardson will need to file an amended petition that alleges all of the facts in support of this claim.

3. **Ground 1[3] has no merit**

In ground 1[3], Richard alleges that the judgment of conviction was incorrect in stating that Richardson had a previous habitual criminal adjudication. ECF No. 1-1 at 3. This claim is moot because the state district court has entered an amended judgment of conviction that removed the erroneous statement. ECF No. 1-1 at 9. Even if the claim is not moot, it still would be without merit. First, the version of Nev. Rev. Stat. § 207.010(1)(a) in effect at the time required 2 prior felony convictions for "small" habitual criminal adjudication. The statute did not require a prior adjudication as a habitual criminal. Second, in adjudicating Richardson as a habitual criminal, the state district court understood that Richardson had no prior adjudications as a habitual criminal. ECF No. 1-1 at 9. The erroneous statement about Richardson's prior adjudication as a habitual criminal thus was surplus. Ground 1[3] is without merit, and the court dismisses it.

#### 4. Ground 1[4] has no merit

In ground 1[4], Richardson alleges that the state district court erred when it allowed the prosecution to enter an amended judgment 3 years after Richardson started serving his sentence, because amended judgments must be entered after the plea. ECF No. 1-1 at 3. Richardson is incorrect. A state district court can amend a judgment of conviction at any time to modify a sentence or to correct an illegal sentence. See Nev. Rev. Stat. § 176.555. Richardson himself knows this, because he invoked § 176.555 in his illegal-sentence motion. Richardson also cannot show that he suffered any prejudice. The entry of the amended petition 3 years into serving the sentence does not mean that Richardson must spend 3 more years in prison. Either the amended judgment was entered nunc pro tunc, meaning that its effective date is the date that the original judgment was entered, or Richardson received credit for all the time he was in custody before entry of the amended judgment. Richardson will not spend any time longer in prison simply because the state district court entered an amended judgment of conviction. Ground 1[4] is without merit, and the court dismisses it.

### B. Ground 2

Richardson did not enumerate ground 2, but the court identifies 2 distinct claims in the ground. Both are without merit.

#### 1. Ground 2[1] is without merit

In ground 2[1], Richardson complains about the conditions of the prison, particularly in relation to the COVID-19 pandemic. This claim is outside the core of habeas corpus because it will not result in Richardson's immediate or speedier release from prison. Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). Additionally, the Nevada Department of Corrections is making the COVID-19 vaccine available for those prisoners who want it, and that should reduce Richardson's concerns.[3] Ground 2[1] is without merit, and the court dismisses it.

#### 2. Ground 2[2] is without merit

In ground 2[2], Richardson alleges that the judgment of conviction is incorrect. The minimum term for a small habitual criminal adjudication can be as low as 5 years. Nev. Rev.

---

[3] https://doc.nv.gov/uploadedFiles/docnvgov/content/About/Press_Release/VaccinesEditedPress.pdf.

4

Stat. § 207.010(1)(a) (2009). The state district court sentenced Richardson to 8 years based upon the incorrect belief that Richardson had been previously adjudicated as a habitual criminal. The attached excerpt of the state district court's order denying Richardson's motion to correct an illegal sentence shows that the statement about a prior habitual-criminal adjudication was a clerical error, that the sentencing court knew that Richardson never before had been adjudicated as a habitual criminal, and that the sentencing court nonetheless imposed the 8-year minimum term. ECF No. 1-1 at 9. Ground 2[2] is without merit, and the court dismisses it.

### C. Ground 3

The court identifies two distinct claims in ground 3. Both claims lack merit, and the court dismisses ground 3.

#### 1. Ground 3[1]

In ground 3[1], Richardson repeats the claim in ground 2[2] that the state district court imposed the sentence with a 8-year minimum term based upon the erroneous belief that Richardson had a prior adjudication as a habitual criminal. The court has explained how ground 2[2] is without merit. Consequently, ground 3[1] also is without merit, and the court dismisses it.

#### 2. Ground 3[2]

Ground 3[2] is a claim that trial counsel provided ineffective assistance because counsel did not correct the state district court's incorrect assumption about petitioner's criminal history. Again, the state district court did not have an incorrect assumption about petitioner's criminal history. Consequently, counsel did not perform deficiently, and there was no reasonable likelihood of a different outcome. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Ground 3[2] is without merit, and the court dismisses it.

### D. Motion for appointment of counsel

Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). There is no

constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954.

At the moment, petitioner has no likelihood of success on the merits. Most of his claims clearly have no merit. Those claims that remain are too vague for the court to determine whether they could have merit. The court thus denies the motion for appointment of counsel.

**IV. Conclusion**

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that grounds 1[3], 1[4], 2, and 3 of the petition are **DISMISSED** because they lack merit.

IT FURTHER IS ORDERED that the clerk of the court send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have 30 days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner must clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner must place the case number, 3:21-cv-00203-HDM-CLB, above the word "AMENDED."

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED: May 27, 2021

_____
HOWARD D. MCKIBBEN
United States District Judge