UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAFFAR RICHARDSON,

        Petitioner,

   v.

PERRY RUSSELL, et al.,

        Respondents.

Case No. 3:21-cv-00203-HDM-CLB

**ORDER**

**I.    Introduction**

    This is a habeas corpus matter under 28 U.S.C. § 2254. Previously, the court dismissed some grounds of the initial petition because they lacked merit, and the court directed petitioner Jaffar Richardson to file an amended petition that made the two remaining grounds less vague. ECF No. 7. Richardson has filed an amended petition. ECF No. 11. The court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The two grounds in the amended petition are without merit, and the court denies the amended petition.

**II.    Procedural History**

    The court takes judicial notice of the on-line dockets of the Second Judicial District Court of the State of Nevada, in cases cited below, the on-line docket of the Nevada Supreme Court in

Richardson v. State, Case No. 81738,[1] and the inmate locator of the Nevada Department of Corrections.[2]

### A. Prior Criminal Convictions

On April 12, 2005, Richardson was convicted in the Second Judicial District Court of the State of Nevada of one count of felony trafficking in a schedule 1 controlled substance, Case No. CR04-1557B.[3]

On August 3, 2010, Richardson was convicted in the Second Judicial District Court of the State of Nevada of one count of felony possession of a controlled substance for the purpose of sale, Case No. CR09-2489.[4]

On August 3, 2010, Richardson was convicted in the Second Judicial District Court of the State of Nevada of one count of felony driving under the influence, Case No. CR09-2492.[5]

On August 3, 2010, Richardson was convicted in the Second Judicial District Court of the State of Nevada of one count of felony conspiracy to commit robbery, Case No. CR10-0561.[6]

This is not an exhaustive list of Richardson's prior convictions, just a list of convictions from the Second Judicial District Court. For the purposes of this order, those four convictions are sufficient.

### B. The Conviction at Issue in This Case

In the Second Judicial District Court of the State of Nevada, Case No. CR16-1169,[7] Richardson agreed to plead guilty to one count of trafficking in a controlled substance. Richardson agreed to be sentenced as a "small" habitual criminal under Nev. Rev. Stat. § 207.010(1)(a) (2009), with imprisonment for a minimum term of 8 years a maximum term of 20 years. ECF No. 11 at 2. Richardson did not appeal. ECF No. 11 at 1. Richardson did not file a post-conviction habeas corpus petition in the state district court. ECF No. 11 at 1.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=59801.
[2] https://ofdsearch.doc.nv.gov/form.php.
[3] https://www.washoecourts.com/Query/CaseInformation/CR04-1557B.
[4] https://www.washoecourts.com/Query/CaseInformation/CR09-2489.
[5] https://www.washoecourts.com/Query/CaseInformation/CR09-2492.
[6] https://www.washoecourts.com/Query/CaseInformation/CR10-0561.
[7] https://www.washoecourts.com/Query/CaseInformation/CR16-1169.

Richardson did file a motion to correct or modify an illegal sentence. ECF No. 11 at 5. The state district court denied the motion. First, the state district court noted that the motion was a disguised post-conviction habeas corpus petition that raised issues beyond the scope of a motion to correct or modify an illegal sentence. ECF No. 8 at 9 (citing Edwards v. State, 918 P.2d 321, 324-25 & n.2 (Nev. 1996)). Second, the state district court addressed Richardson's claim that the judgment of conviction stated erroneously that he had been adjudicated as a habitual criminal in an earlier case. The state district court noted that the record before the sentencing court had no mention of prior adjudication as a habitual criminal. The state district court also noted that the sentencing court understood that this case was the first time that Richardson was being adjudicated as a habitual criminal. The state district court thus corrected the clerical error that Richardson previously had been adjudicated as a habitual criminal by issuing an amended judgment of conviction without the erroneous phrase. ECF No. 8 at 9. The amended judgment of conviction was entered on August 28, 2020. Richardson appealed the decision. ECF No. 1-1 at 3-4. The Nevada Court of Appeals affirmed. Richardson v. State, Case No. 81738-COA (Nev. App. Mar. 25, 2021).[8]

## III. Discussion

### A. Ground 1 Is Without Merit

In ground 1 of the amended petition, Richardson alleges that the guilty plea agreement had a provision that if he failed to stay out of trouble after accepting the agreement, then either the prosecution could withdraw from the agreement and proceed to trial on the original charges or the prosecution could argue at sentencing for any appropriate sentence, including "large" habitual-criminal treatment under Nev. Rev. Stat. § 207.010(1)(b) (2009).[9] Richardson argues that the plea agreement misrepresented his criminal history, leading the state district court into believing that Richardson could be sentenced as a "large" habitual criminal. Richardson also argues that

---

[8] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=60842&csIID=60842&deLinkID=810635&onBaseDocumentNumber=21-08555.

[9] The potential "large" habitual-criminal sentences are life imprisonment without the possibility of parole, life imprisonment with eligibility for parole beginning after a minimum of 10 years, or 25 years' imprisonment with eligibility for parole beginning after a minimum of 10 years. Nev. Rev. Stat. § 207.010(1)(b)(1), (2), (3) (2009).

3

statements of the prosecutor and the defense counsel prove that he was threatened into pleading guilty.

Richardson is incorrect. His criminal history in the Second Judicial District Court, four felony convictions, by itself was sufficient for "large" habitual-criminal treatment at the time. Nev. Rev. Stat. § 207.010(1)(b) (2009). The court has reviewed the transcript of Richardson's change-of-plea hearing. <u>Richardson v. State</u>, Case. No. 81738, Record on Appeal v. 3, pp. 315-43.[10] Richardson entered his plea voluntarily, knowingly, and intelligently. If there was any "threat," it merely was a warning that he would be facing a much longer prison term if he went to trial and was convicted than if he accepted the plea agreement. Candid advice like that is not a threat, but a recognition of the unpleasant reality into which Richardson put himself. Ground 1 is without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for ground 1.

**B.    Ground 2 Is Without Merit**

In ground 2, Richardson claims that the prosecution failed to provide the state district court with his history of abuse of controlled substances starting when he was 13. Richardson argues that this information would have shown the state district court that he needed drug treatment, not a prison sentence. This claim lacks merit for multiple reasons.

First, reading ground 2 literally, Richardson's history of substance abuse is not exculpatory information that was solely within the prosecution's possession, which the prosecution then failed to disclose. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This information is possibly evidence to mitigate his sentence, which Richardson himself knew and which he could have presented to the state district court himself.

Second, the court construes ground 2 as a claim that defense counsel should have given this information to the state district court. However, the state district court already knew about Richardson's history of substance abuse. The same judge had presided over Richardson's 2005

---

[10] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=59801&csIID=59801&deLinkID=788125&onBaseDocumentNumber=20-35195.

4

conviction for trafficking in a controlled substance, Case No. CR04-1557B. She warned Richardson to stop abusing and selling controlled substances. In his letter to the judge in this criminal case, Richardson regretted not taking her advice. <u>Richardson v. State</u>, Case. No. 81738, Record on Appeal v. 2, pp. 225-26.[11] The judge's comments at Richardson's change-of-plea hearing and sentencing hearing show that she knew Richardson's history, and that she was disappointed in him. <u>Id.</u>, v.3, pp. 338-41, 364-68.[12]

Third, the information of Richardson's history of substance abuse would not have affected the sentencing. The parties stipulated to a prison sentence with a minimum term of 8 years and a maximum term of 20 years. <u>Id.</u>, v. 2, p. 205.[13] Although discretion to impose the stipulated habitual-criminal sentence remained with the judge, Nev. Rev. Stat. § 207.010(2) (2009), this was the only sentence that she could have imposed if she agreed to adjudicate Richardson as a habitual criminal. Ground 2 is without merit.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**IV.   Conclusion**

IT THEREFORE IS ORDERED that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11) is **DENIED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: July 8, 2021

*Howard D. McKibben* (signature)
HOWARD D. MCKIBBEN
United States District Judge

---

[11] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=59801&csIID=59801&deLinkID=788124&onBaseDocumentNumber=20-35194.

[12] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=59801&csIID=59801&deLinkID=788125&onBaseDocumentNumber=20-35195.

[13] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=59801&csIID=59801&deLinkID=788124&onBaseDocumentNumber=20-35194.